**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SANG SUP CHOI; KYUNG SOOK CHOI,
<u>Plaintiffs-Appellants,</u>

v.

RAFIQ A. MIAN; RUBINA MIAN,

No. 95-2326

<u>Defendants-Appellees,</u>

and

UNITED STATES TRUSTEE,
<u>Party in Interest.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-95-1074-AW, BK-921-5093)

Argued: March 6, 1996

Decided: April 4, 1996

Before WIDENER and WILKINS, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stanley R. Jacobs, Rockville, Maryland, for Appellants.
Andrew Martin Croll, HENESON & SCARLETT, P.A., Baltimore,
Maryland, for Appellees. **ON BRIEF:** Robert B. Scarlett, HENESON
& SCARLETT, P.A., Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sang Sup Choi and Kyung Sook Choi (the Chois) appeal from the judgment of the district court affirming a decision of the bankruptcy court holding that the indebtedness of Rafiq A. Mian and Rubina Mian (the Mians) to the Chois should be discharged. We agree with

the bankruptcy court that although the Mians obtained credit from the Chois using a false written statement, the indebtedness was not excused from discharge because the Chois could not have reasonably relied on the statement provided by the Mians. See 11 U.S.C.A. § 523(a)(2)(B) (West 1993).

I.

The Chois entered into a conditional agreement to sell a newly-constructed dwelling to the Mians on June 1, 1990, for a price of $3,580,000 to be paid with the proceeds of a bank loan and a large

cash payment. During negotiations, the Mians provided to the Chois' real estate agent a financial information statement that represented the annual income of the Mians to be $1.3 million, but that did not supply any details concerning their assets and liabilities.* The Mians were unable to obtain the financing contemplated in the agreement, however, and it expired.

_____

*The financial information statement was a standard form used by the realtor that allowed for a series of entries showing the income, assets, and liabilities of a potential purchaser. The only entry made by the Mians was an unsupported representation that their base salary was $1.3 million.

2

Several months later, the parties executed a second agreement to sell the dwelling for the same price, contingent upon the Mians' obtaining similar financing. However, the Mians were unable to secure bank financing for more than $1.3 million. Thereafter, the parties agreed to structure the transaction so that the Chois would receive the proceeds of the $1.3 million bank loan. The parties also agreed that the Chois would accept $2.2 million of the purchase price in the form of seller-financed notes. Finally, the Mians gave a $70,000 note to the realtor, representing their share of the commission.

Within three months after the sale, the Mians defaulted on all of their obligations related to the purchase. In order to prevent the institution of foreclosure proceedings, the Chois voluntarily assumed responsibility for the Mians' mortgage loan payments. The Chois also paid the realtor in order to avoid a judgment lien on the property. In August 1992, the Mians filed a voluntary bankruptcy petition.

The Chois brought this adversary action, asserting that the obligations of the Mians associated with the purchase of the dwelling should not be discharged because the financial information statement was a materially false, written statement concerning the Mians' financial condition made with the intent to deceive and upon which the Chois reasonably relied when deciding to loan the money. See 11 U.S.C.A. § 523(a)(2)(B). At the close of the Chois' case, the bankruptcy court granted the Mians' motion for judgment as a matter of law, finding that although the Mians had intentionally and falsely represented in writing that their annual income was $1.3 million, the Chois could not have reasonably relied on the representation. See Bankr. R. 7052 (applying Federal Rule of Civil Procedure 52 to adversary proceedings). The court reasoned that the data contained in the financial information statement was insufficient to support the decision to loan the Mians $2.2 million and that the Mians' inability to obtain financing should have alerted the Chois that the statement was inaccurate. Accordingly, it concluded that the Mians' indebtedness to the Chois should be discharged in bankruptcy. The district court affirmed.

II.

The Chois argue that the bankruptcy court improperly concluded that the Mians' liability was not excepted from discharge by 11

U.S.C.A. § 523(a)(2)(B) because it erroneously found that the Chois unreasonably relied upon the financial information statement provided by the Mians. Because the determination of whether reliance is reasonable under 11 U.S.C.A. § 523(a)(2)(B) is factual in nature, we review it for clear error. See Insurance Co. of N. Am. v. Cohn (In re Cohn), 54 F.3d 1108, 1118 (3d Cir. 1995). Thus, even if we would decide that the Chois reasonably relied on the information provided by the Mians if we were evaluating the evidence as the trier of fact, we are bound by the findings of the bankruptcy court if supported by the record viewed in its entirety. See Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985). Based upon our review of the record as a whole, we cannot say that the bankruptcy court clearly erred in concluding that the Chois could not have reasonably relied on the financial information statement. Accordingly, we affirm the judgment of the district court affirming the decision of the bankruptcy court.

AFFIRMED

4